# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-14-85-RAW ) |
| DAKOTA LANE WILLISTON, | ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

The Defendant Dakota Lane Williston was indicted for first degree murder in Indian Country in connection with the death of the two-year old daughter of his fiancé. He urges the Court to exclude the proposed testimony of Dr. Sarah Passmore, D.O., the child abuse expert identified by the government, on the grounds that her opinions do not meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *See generally* Fed. R. Evid. 702. The Court referred the Motion for Hearing Pursuant to *Daubert/Kumho Tire* [Docket No. 35] filed by Williston to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(2)(B), and an evidentiary hearing was conducted on Tuesday, April 28, 2015. For the reasons set forth below, the undersigned Magistrate Judge hereby recommends that the Defendant's Motion for Hearing Pursuant to *Daubert/Kumho Tire* [Docket No. 35] be GRANTED in part and DENIED in part.

A witness who is qualified as an expert by knowledge, skills, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The government as proponent of the evidence has the burden to show it is admissible under Rule 702. *See, e. g., United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc). The Court has a "gatekeeper obligation to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003), *quoting Daubert*, 509 U.S. at 589. "And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire*, 526 U.S. at 149, *quoting Daubert*, 509 U.S. at 592. Thus, "[u]nder Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006).

"Before considering whether an expert's testimony is reliable or helpful to the jury, the district court generally must first determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion." *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1136 (10th Cir. 2014), *quoting Nacchio*, 555 F.3d at 1241. Dr. Passmore testified at the hearing on April 28, 2015 that she has been a general pediatrician for fourteen years, has specialized as a child abuse pediatrician for eleven years and is a Board Certified child abuse pediatrician through the American Academy of Pediatrics. She currently serves as the State of Oklahoma's Chief Child Abuse Examiner and evaluates approximately 1,000 children annually for suspected child abuse. She indicated that she has testified in approximately 100 state and federal court cases as a child abuse expert and has never been denied a certification as an expert in her field. The undersigned Magistrate Judge therefore finds that Dr. Passmore "is qualified by knowledge, skill, experience, training, or education to render an opinion." *Gutierrez de Lopez*, 761 F.3d at 1136. Furthermore, Dr. Passmore's expertise is pertinent to this case because the government charged first degree murder on the basis of the allegation that it was "committed in the perpetration of . . . child abuse[.]" 18 U.S.C. § 1111(a).

The undersigned Magistrate Judge now turns to the issue of the reliability of Dr. Passmore's proposed testimony. Factors for evaluating whether an expert's scientific testimony is reliable include: (i) whether a theory or technique can be tested, (ii) whether it has been subject to peer review and publication, (iii) the known or potential rate of error, and (iv) whether such a theory or method has achieved "general acceptance" in the

scientific community. *Daubert*, 509 U.S. at 593-594. Other factors helpful in identifying whether evidence is sufficiently reliable are: (i) whether an expert is offering opinions arising out of research conducted independent of the litigation, or developed expressly for purposes of testifying, *see Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1317 (9th Cir. 1995); (ii) whether an expert unfairly extrapolates from an accepted premise to an unfounded conclusion, *see General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997); (iii) whether an adequately accounts for obvious alternative explanations, *see Claar v. Burlington N.R.R.*, 29 F.3d 499 (9th Cir. 1994); (iv) whether an expert 'is being as careful as he would be in his regular professional work outside his paid litigation consulting[,]" *see Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 942 (7th Cir. 1997); and (v) whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give, *see Kumho Tire*, 526 U.S. at 150. Advisory Committee Notes to Fed. R. Evid. 702, 2000 Amendments. These lists are not exclusive, as the Supreme Court reiterated in *Kumho Tire*: "[W]e can neither rule out, nor rule in, for all cases and for all time the applicability of the factors mentioned in *Daubert*, nor can we now do so for subsets of cases categorized by category of expert or by kind of evidence . . . the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of [her] testimony." 526 U.S. at 150 [internal quotation omitted]. Further, the Tenth Circuit likewise noted that "the reliability criteria enunciated in *Daubert* are not to

be applied woodenly in all circumstances." *United States v. Garza*, 566 F.3d 1194, 1199 (10th Cir. 2009).

Prior to providing a written opinion, Dr. Passmore reviewed: (i) medical records from the Herron Family Clinic, (ii) medical records from the McCurtain Memorial Hospital, (iii) records from the McCurtain County Sheriff's Department, (iv) Choctaw Nation Tribal Police Reports, (v) the report from the Medical Examiner, and (vi) McCurtain County Emergency Medical Services Records. This evidence included over 200 pictures of the victim taken at the hospital and at the medical examiner's office. At the hearing, counsel for Defendant Williston elicited testimony from Dr. Passmore indicating that she had not reviewed any testimony the Defendant had provided, or any other testimony or evidence outside those above-listed materials, and had limited her review to only those materials provided her by the Government, *i. e.*, she did not perform an independent investigation. To the extent that Defendant Williston is challenging the sufficiency of the facts or data relied upon by Dr. Passmore, the undersigned Magistrate Judge finds that the Government has met its burden here. Although Dr. Passmore acknowledged that she had not reviewed testimonial evidence that is part of the larger case record, she also indicated that any testimonial evidence would not alter her ultimate findings that the victim's death was the result of child abuse, and there was no suggestion by either party that medical evidence related to the victim had been omitted. Upon review of Dr. Passmore's testimony and taking note of the evidence considered, it is clear that she possessed sufficient facts and data to reach a medical conclusion and diagnosis.

Furthermore, Dr. Passmore's opinion was the product of reliable principles that were applied to the facts and evidence in this case. The medical examiner's report lists the victim's cause of death as "blunt force injuries of head and torso" and the manner of death as homicide. Dr. Passmore testified that she would more specifically classify the cause of death as blunt force trauma child abuse, and that the assessment of child abuse is a medical diagnosis as opposed to an opinion. In reviewing the evidence provided to her, in addition to the injuries on the victim's body, Dr. Passmore noted that "red flags" or risk factors that are commonly identified in her specialty of child abuse pediatrics include situations where, as in this case, a history from a caregiver does not match the medical evidence reviewed, or the child lived in a home where there is alcohol and/or drug use. Dr. Passmore's opinion thus was formed out of her skill set and knowledge base from an acknowledged medical subspecialty. When testifying about the victim's injuries, her conclusion that the injuries were not accidental but the result of child abuse was based on the objective medical evidence regarding the injuries documented all over her body, as well as her experience in assessing and treating thousands of children for whom child abuse is a suspicion. As such, Dr. Passmore's knowledge, skill set, and experience allowed her to reliably conclude that child abuse, rather than a more benign explanation such as an accidental fall off the bed, was an appropriate diagnosis and the victim's cause of death.

The undersigned Magistrate Judge must now address whether Dr. Passmore's proposed testimony will assist the trier of fact. "In assessing whether testimony will

assist the trier of fact, district courts consider several factors, including whether the testimony is within the juror's common knowledge and experience, and whether it will usurp the juror's role of evaluating a witness's credibility." *Gutierrez de Lopez*, 761 F.3d at 1136, *quoting United States v. Garcia*, 635 F.3d 472, 476-477 (10th Cir. 2011). *See also Rodriguez-Felix*, 450 F.3d at 1123 ("[T]he court will still consider other non-exclusive factors to determine whether the testimony will assist the trier of fact: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. In essence, the question is 'whether [the] reasoning or methodology properly can be applied to the facts in issue.'") [internal citations omitted], *quoting Daubert*, 509 U.S. at 593. The undersigned Magistrate Judge finds that the proposed testimony by Dr. Passmore that the victim's injuries were the result of child abuse and the cause of her death would indeed be helpful to the jury in this case, as such issues are not within the common knowledge of a prospective juror. "Ultimately [] expert testimony is admissible under Rule 702(a) if it will simply help the trier of fact to understand the facts already in the record, even if all it does is put those facts in context." *Gutierrez de Lopez*, 761 F.3d at 1136. Such proposed testimony is clearly not, as the Defendant contends, cumulative and prejudicial, as it is the sole opinion testimony regarding the issue of child abuse. *See* Fed. R. Evid. 403 (relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence."). In any event, "[d]oubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusion." *Gutierrez de Lopez*, 761 F.3d at 1136.

The undersigned Magistrate Judge does find, however, that certain aspects of the opinions expressed by Dr. Passmore in her written report or during her testimony at the hearing should be excluded as speculative or unduly prejudicial, *e. g.*, (i) her testimony to the effect that this case represents one of the two worst cases of child abuse that she has seen; (ii) any testimony regarding the length of time the victim may have been beaten or the sequence in which her injuries were sustained; (iii) any testimony to the effect that the victim would have been crying or that the beating would have been loud; and (iv) any testimony regarding the long-term effects on children who survive blunt force trauma due to child abuse, which is clearly not relevant here because the victim did not survive. *See Guitierrez de Lopez,* 761 F.3d at 1136 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, nonhelpful."), *quoting Daubert,* 509 U.S. at 591. Inasmuch as such testimony is either not based upon Dr. Passmore's observations of the evidence in this case, or unjustifiably extrapolates therefore, or is otherwise unfairly prejudicial to the Defendant, *see United States v. Irving*, 665 F.3d 1184, 1213-1214 (10th Cir. 2011) ("Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotion response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or

innocence of the crime charged."), *quoting United States v. Tan*, 254 F.3d 1204, 1211-1212 (10th Cir. 2001), the undersigned Magistrate Judge recommends that it be excluded by the Court during the trial of the case.

### C. Conclusion

In summary, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that Defendant Dakota Lane Williston's Motion for Hearing Pursuant to *Daubert/Kumho Tire* [Docket No. 35] be GRANTED in part and DENIED in part. Objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).

IT IS SO ORDERED this 11th day of May, 2015.

*/s/ Steven P. Shreder*
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma