# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAKOTA LANE WILLISTON, ) | Case No. CR-14-085-RAW |
| ) | |
| Defendant. ) | |

## ORDER

This case came on for hearing on motions and preliminary pretrial conference on May 15, 2015. The court took some matters under advisement and now rules preliminarily.[1]

First, the defendant objected to the government's proposed use of a video of Payton Cockrell taken the day before her death. The court has reviewed the video and overrules the objection. The video is admissible. Defendant's fourth motion in limine (#66) is denied.

Next, the defendant objected to the "Group 2" photographs as so designated at the hearing. The court has reviewed these photographs and overrules the objections. The photos are admissible. Defendant's first motion in limine (#32) is granted in part (i.e., the court did review the photos and some have been excluded by agreement) and denied in part.

Finally, the government has filed a notice of intent to admit evidence of other crimes,

---

[1] This order does not address the defendant's motion to suppress (#33), third motion in limine (#35) and fifth motion in limine (#67).

wrongs or acts (#55). Three groups of evidence are sought to be admitted: (1) specific incidents with Brittany Cockrell; (2) specific instances with Taylor Baker; and (3) specific instances with Payton Cockrell. The incidents involve defendant's temper and propensity to violence.

"Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(1) F.R.Evid. Under Rule 404(b)(2), such evidence is admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Other-acts evidence need not meet the requirements of Rule 404(b) in every case: if the other-acts evidence is intrinsic to the charged crime – that is, "inextricably intertwined" with the evidence of the charged crime – it is admissible without regard to 404(b)'s prohibitions. *United States v. Watson,* 766 F.3d 1219, 1235 (10th Cir.2014).[2]

There is some unavoidable tension in the application of the Rule. The Tenth Circuit states that the standard for satisfying Rule 404(b) admissibility is permissive; that the Rule is one of inclusion, rather than exclusion; and that the Rule is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only*

---

[2]In its notice, the government states that alcohol use and unemployment are inextricably intertwined with the crime itself and thus do not come under the Rule. (#55 at 9 n.3). The court has not yet made a definitive ruling on this point. The government also states that it will not introduce any evidence of drug use or drug distribution unless the defendant "opens the door." *Id.*

2

criminal disposition. *See Id.* (citing cases).[3] On the other hand, the Tenth Circuit also states that the government bears the burden of showing that the proffered evidence is relevant to an issue other than character. The government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts evidence. *See United States v. Youts,* 229 F.3d 1312, 1317 (10th Cir.2000). The trial court itself must identify specifically the permissible purpose for which such evidence is offered and the inferences to be drawn therefrom. A broad statement merely invoking or restating Rule 404(b) will not suffice. *Id.* "'[I]t is lamentably common to see recitations of laundry lists of permissive uses, with little analysis or attention to the particulars.'" *United States v. Brown,* 765 F.3d 278, 294 (3d Cir.2014)(citation omitted).[4]

At this point, the court finds the government has not met its burden, particularly as to the incidents involving the adult women. The notice states that the evidence described in the notice is relevant to (and will be offered to prove) motive, opportunity, intent, plan, knowledge and identity (#55 at 16, 17). Such a listing of permissible uses is not a precise articulation of an evidentiary hypothesis.

---

[3] When other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has the potential impermissible side effect of allowing the jury to infer criminal propensity. *United States v. McGlothin,* 705 F.3d 1254, 1262 (10th Cir.2013)(citation omitted).

[4] To determine if Rule 404(b) evidence was properly admitted, the Tenth Circuit uses a four-part test: (1) the evidence was offered for a proper purpose under Rule 404(b); (2) the evidence was relevant under Rule 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the district court, upon request, instructed the jury pursuant to Rule 105 to consider the evidence only for the purpose for which it was admitted. *Watson,* 766 F.3d at 1236.

For his part, defendant notes that his defense will be that the crime was committed by someone else, and that therefore lack of mistake or accident are not relevant.[5] The government concedes this point in the notice, stating that such a ground for admission is not asserted "at this time" (#55 at 16). This is noteworthy, because most of the pertinent case authority involves the admission of evidence under Rule 404(b) to rebut a defense of accident. *See, e.g., United States v. Hogue,* 827 F.2d 660, 663 (10th Cir.1987)("Mr. Hogue's defense was that the stabbing of Mr. Benny was accidental").[6] Even in that case, however, the Tenth Circuit referred to the other-acts evidence resting on the "impermissible assumption that Mr. Hogue had a violent disposition." *Id.*[7]

The court will nevertheless make preliminary observations. At the present time, the court finds the incidents of violence as to Brittany Cockrell and Taylor Baker are likely excludable. Such acts toward an adult woman (however reprehensible) do not connect by a permissible line of logic to child abuse. The government asserts these acts show "the murder was part of Defendant's overall plan to control the actions of Brittany (and Taylor)

---

[5]Generally, "other act" evidence is admissible during the government's case-in-chief where the defendant plans to present a general denial defense, because the defendant, by pleading not guilty, puts the government to its proof on all elements of the charged crime. *See United States v. Miller,* 947 F.2d 953, 960 (8th Cir.1992).

[6]*See also United States v. Harris,* 661 F.2d 138, 139 (10th Cir.1981)("The defendant's theory of the case was that the injuries sustained by the infant son . . . were the result of an accidental fall.").

[7]To the extent evidence is offered to show that defendant had a "short fuse" or bad temper, this might have some limited probative value.

4

through the use of her children." (#55 at 16).[8] If the government seeks to demonstrate such a plan, it may do so without reference to the acts of violence.

By contrast, the court leans toward admitting the listed acts as to the child Payton Cockrell herself. Defense counsel argued that such would only be admissible if the defendant had previously inflicted such an injury as a broken bone upon the child. The court disagrees. The evidence appears relevant to possible resentment by the defendant (i.e., of the mother's time and affection) and possible escalation of response.[9] In any event, the purported statement by defendant made in reference to the child, "Just let me hit her once" is admissible as a statement of party-opponent under Rule 801(d)(2) F.R.Evid.[10] Defense counsel, of course, may note the ambiguity of the word "hit" in this context.

Additionally, the court has doubts as to some of the permitted uses under 404(b) cited by the government. For example, the government conceded during the hearing that conviction under 18 U.S.C. §1111 does not require proof of subjective intent to kill. *See United States v. Black Elk,* 579 F.2d 49, 51 (8th Cir.1978). "[W]hen intent is not 'at issue' – when the defendant is charged with a general-intent crime *and* does not meaningfully dispute intent – other-act evidence is not admissible to prove intent because its probative

---

[8]"Defendant's overall life plan was to control the two women, playing them off one another if necessary, to insure that he had access to at least one of their vehicles, money and affections at all times. . . He exerted control through physical abuse and isolated them from their families." (#55 at 16). While this may or may not be true, detailing the physical abuse to the jury is more prejudicial than probative under the facts of this case.

[9]The list of permitted uses in Rule 404(b) is non-exhaustive. *Watson,* 766 F.3d at 1235.

[10]Strictly speaking, this statement is a "verbal act" and therefore not hearsay.

5

value will always be substantially outweighed by the risk of unfair prejudice." *United States v. Gomez,* 763 F.3d 845, 859 (7th Cir.2014)(en banc).

A possible basis for admission here is motive, which is "the impetus that supplies the reason for a person to commit a criminal act." 3 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal Evidence</u> §404.22[3] at 404-139 (Joseph M. McLaughlin ed., 2d ed.2014). Like intent, motive is not an element under the statute. "However, the fact that motive is not an element of the offense requiring proof does not mean that it is irrelevant. As we have stated, 'Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.'" *United States v. Hope,* 2015 WL 2117099, **7 (11th Cir.2015)(citation omitted). At this time, the court holds defendant's second motion in limine (#34), which relates to Rule 404(b) evidence, under advisement.

**ORDERED THIS 18th DAY OF MAY, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma