# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAKOTA LANE WILLISTON, ) | Case No. CR-14-085-RAW |
| ) | |
| Defendant. ) | |

## ORDER

This matter came on for hearing on May 28, 2015. The court addressed defendant's objection (#77) to the Magistrate Judge's Report and Recommendation (#61), which recommended the district court deny certain parts of the defendant's motion in limine (#35). The court overruled the objection, and adopted the Report and Recommendation in total. Thus, the motion in limine is granted in part and denied in part. Specifically, Dr. Passmore's testimony that the victim's injuries were the result of child abuse and the cause of her death is found admissible. On the other hand, Dr. Passmore's proposed testimony (i) that this case represents one of the two worst cases of child abuse that she has seen; (ii) regarding the length of time the victim may have been beaten or the sequence in which her injuries were sustained; (iii) to the effect that the victim would have been crying or that the beating would have been loud; and (iv) any testimony regarding the long-term effects on children who survive blunt force trauma due to child abuse, is found inadmissible.

This ruling led to a subsidiary discussion. In ruling on the government's notice pursuant to Rule 404(b), the court tentatively ruled that instances of abuse of Brittany Cockrell and Taylor Baker, would not be permitted, while instances of abuse of Payton Cockrell would be admitted. In her proposed testimony, Dr. Passmore had presented the view that "intimate partner abuse" constitutes a "red flag" regarding child abuse. This may be true as an academic matter, but the court remains persuaded that the evidence of abuse of the adult women should be excluded under Rules 404(b) and 403.

It was noted that Rule 703 permits an expert to rely on otherwise inadmissible facts or data in forming an opinion. The court declines to allow this in the present context. "Rule 703, however, is not an open door to all inadmissible evidence disguised as expert opinion." *United States v. Scrima,* 819 F.2d 996, 1002 (11th Cir.1987). As the government noted, the Rule permits such evidence to be disclosed to the jury only if the probative value substantially outweighs the prejudicial effect. This test cannot be met here, because the court found the evidence excludable under Rule 403 (i.e., probative value substantially outweighed by a danger of unfair prejudice, e.g.).

Next, the government raised an incident in which the victim's mother accused the defendant of killing her child and he remained silent. The government suggested that the incident might be admissible under the concept of "silence as admission." *See, e.g., Arpan v. United States,* 260 F.2d 649, 655 (8th Cir.1958). It does not appear that the Tenth Circuit has addressed the issue. Before admitting such a statement, the trial court must determine as preliminary questions (1) whether the statement was such that under the circumstances, an innocent defendant would normally be induced to respond, and (2) whether there are sufficient foundational facts from which the jury could infer that the defendant heard, understood, and acquiesced in the statement. *United States v. Carter,* 760 F.2d 1568, 1579-80 (11th Cir.1985). The court finds the first criterion has not been established. As described by the government, the accusation took place in the middle of an angry exchange between the defendant and the victim's mother. Attempting to assign what a "normal" response would be seems speculative. Moreover, the content of the angry exchange is prejudicial to the defendant, and the exchange took place some sixteen months after the crime to be tried.

The court also finds the second criterion has not been established. The defendant's recent motion in limine (#86) regarding the incident relates that defendant had gotten back in his car and was driving away when the victim's mother yelled the accusation. Defendant thereupon stopped the car, but yelled back the exact same statement he had previously yelled

3

(i.e., threats that if defendant met the victim's mother on the west side of town he would kill her). The incident will be excluded.

Finally, defendant's motion challenges proposed testimony about a statement made by an EMS worker to the effect that it was unusual that the child had been left alone rather than a parent or adult running out to the ambulance with the child in their arms. The court agrees with defendant that there are alternative explanations for this conduct and the opinion of the EMS worker is more prejudicial than probative.

Defendant's motion in limine (#86) is hereby granted.

**ORDERED THIS 2nd DAY OF JUNE, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma